# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NATHAN A. SWARTZ,

        Petitioner,     :    Case No. 3:22-cv-117

- vs -                        District Judge Michael J. Newman
                                    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution

                                        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Nathan Swartz pursuant to 28 U.S.C. § 2254. The case is ripe for decision on the Petition (ECF No. 4), the Return of Writ (ECF No. 9), the State Court Record (ECF No. 11), and Petitioner's Reply (ECF No. 13). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 14).

**Litigation History**

On April 25, 2019, the Miami County Grand Jury indicted Swartz on one count of rape in violation of Ohio Revised Code § 2907.02(A)(2), (Count 1); and two counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5), (Counts 2-3). (State Court Record, ECF 7, Exhibit 1; PageID 73). After a competency examination found him competent to stand trial, he

1

entered into a plea agreement under which he would plead guilty in return for a promise of concurrent sentences. The court accepted his plea and sentenced him to an aggregate sentence of eleven years.

Swartz appealed late, claiming he was not in fact competent to stand trial, that all charges against him should have been merged, and that he received ineffective assistance of trial counsel (Appellant's Brief, State Court Record, ECF No. 7, Ex. 14). The appellate court affirmed. *State v. Swartz*, 2020-Ohio-5037 (Ohio App. 2nd Dist. Oct. 23, 2020). The Supreme Court of Ohio allowed Swartz to proceed on an untimely appeal raising the same issues as in the Second District, but then declined to exercise jurisdiction (State Court Record, ECF No. 7, Ex. 22).

Swartz then filed his Petition for Habeas Corpus in this Court, pleading the following grounds for relief:

> **GROUND ONE:** Petitioner was Denied his right to Due Process in violation of his Fifth and Fourteenth Amendment to the U.S. Constitution; when trial court found him competent to understand the proceedings against him.
>
> **Supporting Facts:** The trial court erred in finding that Mr. Swartz was competent to understand the proceedings against him. The conviction of an accused not legally competent to understanding the proceedings against him is a violation of Due Process. Here, petitioner was evaluated by a forensic specialist, who presented a conflicting report on the nature petitioner's understanding. Here, there was no basis for the trial court to find petitioner competent, with the long history of mental illness. To further support that petitioner has no understanding of the proceedings, he inadequately made [sic]request to the court, for a new attorney and to withdraw his plea, through a prison inmate request form (Kite), instead of through the required formal motion.
>
> **GROUND TWO:** Petitioner was denied his Fifth Amendment of the U.S. Constitution, and Section 10, Article I of the Ohio Constitution, rights against Double Jeopardy, when the trial court committed Plain Error and failed to merge all convictions for Rape and Sexual Battery.

**Supporting Facts:** The Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." This protection is additionally guaranteed by Section 10, Article I, of the Ohio Constitution. The Double Jeopardy Clause protects against multiple punishments for the same offense. The petitioner has several convictions that pertain to a single victim, these offenses should not merge if the harm from each offense is separate and identifiable. The multiple convictions for the same victim require the court to merge for sentencing. The Plain error standard apples because trial counsel also failed to raise the issue. The sentence of the petitioner was a joint recommended term, but this did not relinquish the court's responsibility to inquire of the clear 'allied offenses'. The court did merge the only Rape count with one Sexual Battery count, involving contact that incurred [sic] between January 1, 2018 and January 31, 2018. The remaining offenses were also committed with similar animus as to the first Battery offense, and involved the same victim.

**GROUND THREE:** Petitioner was denied his right to Effective Assistance of Trial Counsel, in violation of the Sixth Amendment of the U.S. Constitution and Section 10, Article I, of the Ohio Constitution.

**Supporting Facts**: The Sixth Amendment of the U.S. Constitution provides for the right to effective assistance of trial counsel, in all criminal proceedings. Counsel renders ineffective assistance when that performance was prejudicial. Here, trial counsel wrongly advised petitioner to enter a plea to 'allied offenses', which resulted in multiple punishments for the same offense. Further counsel failed to mitigate for petitioner during sentencing, resulting in the trial count [sic] not waiving court costs, as petitioner is clearly a pauper and indigent. During the hearing to determine the competency status, counsel failed to the detriment of the petitioner, to challenge to [sic] forensic report. And shared with the court, his personal belief that petitioner was competent to understand. Counsel had every opportunity to read the report and see that the writer contradicts the results of the questioning of the petitioner.

(Petition, ECF No. 4).

3

## Analysis

**Ground One:  Petitioner Was Incompetent to Plead No Contest**

In his First Ground for Relief, Swartz claims he was incompetent to enter a no contest plea.

A person who is mentally incompetent may not be tried for a crime so long as the incompetence continues.  *Bishop v. United States*, 350 U.S. 961(1956).  This fundamental right, now protected by the Due Process Clause of the Fourteenth Amendment, has firm roots in the common law.  *Drope v. Missouri*, 420 U.S. 162, 171 (1975), citing 4 Blackstone, Commentaries 24.  To protect this right, a State must adopt and observe adequate procedures for determining whether a person is competent to stand trial.  *Pate v. Robinson*, 383 U.S. 375 (1966).  It is not unconstitutional to presume competence, as Ohio law does, and to place the burden of proving incompetence on a criminal defendant.  *Medina v. California*, 505 U. S. 437(1992).  A determination of competence is a factual finding to which deference must be paid in habeas proceedings.  *Filiaggi v. Bagley*, 445 F.3d 851 (6th Cir. 2006), *citing  Thompson v. Keohane,* 516 U.S. 99, 110-11 (1995).

The standard for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402(1960).

His asserted lack of competence was the gravamen of Swartz's First Assignment of Error on direct appeal.  The Second District decided that issue as follows:

> {¶ 9} In his first assignment of error, Swartz contends that the trial court erred by finding him competent to understand the nature of the proceedings against him so as to stand trial. He claims to have "a

history of mental illness," and suggests that his use of inmate "kite" requests to seek a new attorney and to withdraw his plea, instead of filing formal motions with the trial court, demonstrates that he was incapable of adequately assisting in his own defense. (Merit Brief of Appellant, p. 3.)

{¶ 10} "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). If a defendant "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense[,]" he may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155. The same standard applies as to a defendant's competency to enter a plea of guilty or no contest. *See State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57, citing *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

{¶ 11} R.C. 2945.37 codifies this due process right, providing in pertinent part:

> (B) In a criminal action in a court of common pleas, * * * [the] defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. * * *

{¶ 12} R.C. 2945.371 provides that if the issue of a defendant's competence is raised under R.C. 2945.37, the court may order up to three evaluations of the defendant's present mental condition. Further, R.C. 2945.37(E) states that "[t]he prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial. A written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation, but if either the prosecution or defense objects to its admission, the report may be admitted under sections 2317.36 to 2317.38 of the Revised Code or any other applicable statute or rule."

{¶ 13} We review a trial court's decision regarding a competency evaluation for an abuse of discretion. *State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 40; *State v. Cook*, 2016-Ohio-2823, 64 N.E.3d 350, ¶ 63 (5th Dist.); *State v. Patton*, 10th Dist. Franklin No. 08AP-800, 2009-Ohio-1382, ¶ 8. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." *State v. Jackson*, 2d Dist. Montgomery No. 23458, 2010-Ohio-2836, ¶ 56. "It is to be expected

5

that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.*

{¶ 14} In determining whether a defendant is competent to stand trial, the test is " ' "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." ' " *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995), quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶ 15} At Swartz's competency hearing, his trial attorney stipulated as to the authenticity, findings, and admissibility of a forensic evaluation report prepared by Dr. Massimo De Marchis of the Forensic Psychiatry Center for Western Ohio. (7/2/19 Competency Hearing Tr., p. 3 and Exh. I.) Dr. De Marchis opined that Swartz was "capable of understanding the nature and the objectives of the proceedings against him and assisting in his defense," and that he therefore was competent to stand trial. (*Id.*, Exh. I, p. 2.)[3] No contrary evidence was presented.

{¶ 16} The trial court did not abuse its discretion by relying on the uncontested findings of that report to find Swartz competent to stand trial. Absent some conflicting indication at the time of the plea hearing, we presume a defendant deemed competent to stand trial likewise was competent to enter a plea of no contest to the charged offenses. *See State v. Smith*, 2d Dist. Montgomery No. 26746, 2016-Ohio-3361, ¶ 19. Swartz entered his no contest plea just nine days after the competency hearing, and although he at that time claimed to have suffered from depression and post-traumatic stress disorder in the past, he affirmed that those conditions did not affect his ability to understand the plea proceedings. (Plea Hearing Tr., p. 5.) Based on the record, the trial court did not err by finding Swartz competent to understand the nature of the proceedings against him.

{¶ 17} We are not dissuaded from that conclusion by Swartz's reference to his use of inmate "kites" instead of legal motions to request a new attorney and to try to withdraw his plea. A lay person's lack of understanding of the appropriate procedures for seeking court relief does not equate to an inability to assist in his own defense; neither does it indicate his incompetence to stand trial. Furthermore, at the time of Swartz's no-contest plea, his attorney opined that Swartz "[a]bsolutely" was competent to enter that plea

6

> (Plea Hearing Tr., p. 5-6), and Swartz not only expressed his understanding of the consequences of his plea, but also demonstrated an ability to follow the proceedings and to respond appropriately to the court's questions.
>
> {¶ 18} Swartz's first assignment of error is overruled.

*State v. Swartz*, 2020-Ohio-5037 (Ohio App. 2nd Dist. Oct. 23, 2020).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Comparing the decision of the Second District Court of Appeals with the United States Supreme Court precedent cited above, it is clear the Second District's decision is a completely reasonable application of the relevant precedent. Swartz was given a competency hearing when it was requested. The report of the forensic examiner, who is also the examiner very frequently used by this Court in mental health evaluations, opined that Swartz was competent. No contradictory evidence was presented and Swartz's trial attorney both stipulated to admission of the report and agreed with its conclusion. Swartz himself expressed no disagreement with the report.

Therefore the Second District's decision is entitled to deference under both 28 U.S.C. § 2254(d)(1) and (d)(2). Given that deference, the First Ground for Relief is without merit and should be dismissed on that basis.

**Ground Two: Double Jeopardy**

In his Second Ground for Relief, Swartz claims his convictions violate his rights under the Double Jeopardy Clauses of the federal and Ohio Constitutions.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Thus determining whether Swartz's convictions violate the Ohio Constitution is beyond the scope of habeas corpus.

Swartz argues this claim in terms of Ohio's allied offenses statute, Ohio Revised Code § 2941.25. The Second District Court of Appeals decided that the convictions were consistent with the allied offenses statute. *State v. Swartz, supra,* ¶¶ 19-27. That determination of Ohio law is binding on this Court. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Nor does Ground Two state a claim for relief under the Double Jeopardy Clause itself.

8

That Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Here Swartz is basically arguing that he is being punished twice for the same offense. An Ohio court of appeals decision of a double jeopardy claim which is limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled by State v. Johnson*, 128 Ohio St. 3d 153 (2010).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, [w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

*Jackson v. Smith*, 745 F.3d 206, 211 (6th Cir. 2014), quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)(internal quotation marks omitted). Ohio Rev. Code § 2941.25, and not the *Blockburger* test determines whether a person has been punished twice for the same offense under Ohio law in violation of the federal Double Jeopardy Clause. *Jackson v. Smith*, 745 F.3d 206, 213 (6th Cir. 2014).

The Ohio General Assembly did not intend that a person could rape his daughter twice on separate dates and escape punishment for the second rape because the sexual misconduct was repeated. Swartz's Second Ground for Relief is without merit.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Swartz asserts his trial attorney provided ineffective assistance of trial counsel in several different ways.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Swartz's claim of ineffective assistance of trial counsel was presented to the Second District Court of Appeals and decided as follows:

11

{¶ 28} Swartz's final assignment of error contends that he was denied his constitutional right to the effective assistance of counsel by his trial attorney's failure both to move that all three charged offenses be merged and to request that court costs be waived. Noting that he was found to be indigent for purposes of court-appointed counsel, Swartz maintains it was "reasonabl[y] probab[le] that the trial court would have waived court costs had [his] counsel made the request." (Merit Brief of Appellant, p. 7.)

{¶ 29} We review alleged instances of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31, citing *Strickland* at 688. To warrant reversal of a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cox*, 2d Dist. Montgomery No. 25477, 2013-Ohio-4941, ¶ 61, citing *Mitchell* at ¶ 31.

{¶ 30} Having determined above that Swartz's Count 3 sexual battery conviction and his Count 1 rape conviction did not involve allied offenses of similar import, we conclude that Swartz's trial attorney did not perform deficiently by failing to pursue what would have been a futile merger argument as to those offenses. We thus turn to Swartz's challenge regarding his counsel's failure to seek a waiver of court costs.

{¶ 31} Under R.C. 2947.23(A), a trial court is required to impose "the costs of prosecution" against all convicted defendants and to render a judgment for such costs against even those defendants who are indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. However, the trial court has the discretion to waive court costs if the defendant moves for waiver. *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13.

> {¶ 32} "A finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying court costs or a financial sanction." *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64. As the Supreme Court of Ohio recently observed, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 15. Thus, the fact that Swartz qualified for appointed counsel is insufficient to demonstrate a reasonable probability that the trial court would have deemed Swartz, who was only 36 at the time of sentencing, unable to pay court costs in the future. *See State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶ 22 (regarding future ability to pay fines). Consequently, Swartz cannot demonstrate that he was prejudiced by his trial attorney's failure to move for a waiver of court costs.
>
> {¶ 33} Absent a showing of prejudice, Swartz cannot establish that he was denied the effective assistance of counsel. His third assignment of error is overruled.

*State v. Swartz, supra.*

As with Ground One, the Second District has here decided the ineffective assistance of trial counsel claim on the merits, applying the appropriate federal standard under *Strickland*. Swartz has not shown the decision is an unreasonable application of *Strickland* and it is therefore entitled to deference. Ground Three should be dismissed on the merits.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

13

should not be permitted to proceed *in forma pauperis*.

January 30, 2023

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.
#

                                                 s/ *Michael R. Merz*
                                              United States Magistrate Judge